*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALAN GIELEGHEM and CHRISTINE
GIELEGHEM,

        Plaintiffs-Appellants,

v

RIEMER FLOORS INC.,

        Defendant-Appellee.

UNPUBLISHED
August 11, 2026
10:33 AM

No. 375414
Oakland Circuit Court
LC No. 2024-210421-CK

Before: ACKERMAN, P.J., and BAZZI and LIEVENSE, JJ.

PER CURIAM.

Plaintiffs, Alan and Christine Gieleghem, appeal as of right the trial court's opinion and order granting defendant's, Riemer Floors, Inc., motion for summary disposition under MCR 2.116(C)(8), in which it found that plaintiffs had failed to state a claim for breach of contract, negligence, and nuisance and dismissed plaintiffs' complaint with prejudice. For the reasons set forth in this opinion, we affirm in part, reverse in part, and remand this case to the trial court for further proceedings.

## I. FACTUAL & PROCEDURAL BACKGROUND

According to their complaint, in July 2024, plaintiffs contracted with defendant, a flooring company, to purchase new flooring, remove existing flooring, and install the new flooring inside their home. Defendant began work on the home and detected possible asbestos. Plaintiffs alleged that, instead of following proper asbestos protocols, which included understanding the scope of the asbestos present and ensuring that it did not spread, defendant's workers spread asbestos throughout the home. Plaintiffs were required to leave the home while remediation to remove the asbestos occurred.

On October 17, 2024, plaintiffs filed a complaint alleging three counts: breach of contract, negligence, and nuisance. The same basic allegations supported all three counts: that defendant failed to abate and contain the asbestos properly, causing it to spread throughout their house. Plaintiffs did not attach the contract documents to the complaint.

-1-

In lieu of an answer, defendant moved for summary disposition under MCR 2.116(C)(8). Defendant included a copy of the written contract documents and argued that, under those documents, defendant only sold flooring, only agreed to remove and install flooring, and that the agreement was silent regarding asbestos remediation or removal. On that basis, defendant argued that plaintiffs had failed to allege any breach of contract. Defendant argued that plaintiffs' claims for negligence and nuisance should be dismissed because plaintiffs failed to allege that defendant owed any duty beyond those set forth in the contract and therefore plaintiffs' tort claims were barred by the economic loss doctrine, which defendant argued applies to contracts for both goods and services.

In response, plaintiffs conceded that the contract was silent as to what happened if defendant found asbestos during the removal process, but they maintained that their complaint pled sufficient facts to support a breach of contract claim and relied on the fact that defendant referenced the dangers of asbestos on their company website. With respect to the tort claims, plaintiffs argued that the economic loss doctrine did not apply to services contracts and that they stated a claim by alleging that defendant failed to satisfy its duty of reasonable care once it discovered the asbestos, essentially failing to perform its contractual obligations "in a careful and skillful manner."

Following oral argument, the trial court entered a written order and opinion granting summary disposition for defendant. Regarding plaintiffs' breach of contract claim, the court concluded that they had failed to point to any contractual language regarding asbestos or any provision that defendant breached. It characterized plaintiffs' claim as a request to rewrite the contract to include a duty to remediate asbestos. With respect to the tort claims, the trial court concluded that the economic loss doctrine barred plaintiffs' claims because they were predicated on the same alleged wrongs as their breach of contract claim. As such, the court found that plaintiffs' tort claims were "merely restatements of their breach of contract claim." For the nuisance claim, the court also relied on the fact that defendant did not cause the "nuisance" since the asbestos was there before the parties contracted.

The trial court granted defendant's motion for summary disposition under MCR 2.116(C)(8) and declined to give plaintiffs an opportunity to amend their complaint under MCR 2.116(I)(5) because any amendment would have been futile. Plaintiffs filed a motion for reconsideration or, alternatively, for leave to file an amended complaint, which the trial court denied.

This appeal followed.

## II. STANDARDS OF REVIEW

The trial court considered defendant's motion for summary disposition under MCR 2.116(C)(8). "A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159-160; 934 NW2d 665 (2019). "When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone." *Id*. at 160 (citations omitted).

-2-

"[W]hen an action is premised on a written contract, the contract generally must be attached to the complaint and thus becomes part of the pleadings." *Bodnar v St John Providence, Inc*, 327 Mich App 203, 212; 933 NW2d 363 (2019). Plaintiffs did not attach the contract documents to their complaint; however, "MCR 2.113(C)(1)(b) and (2) excuse this failure and make a contract part of the pleadings when the subject contract is in the possession of the other party and the pleadings so state." *Varela v Spanski*, 329 Mich App 58, 69; 941 NW2d 60 (2019). Here, because plaintiffs pleaded in their complaint that the contract documents were in defendant's possession, we review the trial court's summary disposition ruling under MCR 2.116(C)(8). This Court reviews de novo a trial court's ruling on a motion for summary disposition. *El-Khalil*, 504 Mich at 159.

The trial court's summary disposition order also denied plaintiffs an opportunity to amend their complaint. "The grant or denial of leave to amend pleadings is within the court's discretion." *Jawad A Shah MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 207; 920 NW2d 148 (2018) (quotation marks and citation omitted). "This Court will not reverse a trial court's decision regarding leave to amend unless it constituted an abuse of that discretion that resulted in injustice." *Id*. at 208 (quotation marks and citation omitted). An abuse of discretion occurs when the trial court's decision is outside the range of reasonable and principled outcomes, and a trial court necessarily abuses its discretion when it makes an error of law. *Id*.

## III. BREACH OF CONTRACT CLAIM

Plaintiffs first contend that the trial court erred in granting summary disposition on their breach of contract claim. We disagree.

The elements of a breach of contract are "(1) that there was a contract, (2) that the other party breached the contract, and (3) that the party asserting breach of contract suffered damages as a result of the breach." *Doe v Henry Ford Health Sys*, 308 Mich App 592, 601; 865 NW2d 915 (2014). "Moreover, the party claiming a breach of contract is required to prove the '*terms*' of the contract that the defendant allegedly breached." *Allen v Michigan State Univ*, ___Mich App ___; ___ NW3d ___ (2024) (Docket Nos. 358135, 358136, 358137); slip op at 11 (citation omitted). While courts have the equitable power "to reform a contract in order to make it conform to the agreement actually made, . . . courts do not make new contracts for the parties." *E R Brenner Co v Brooker Engineering Co*, 301 Mich 719, 723; 4 NW2d 71 (1942). This Court's "main goal in interpreting a contract is to honor the parties' intent." *Davis v LaFontaine Motors, Inc*, 271 Mich App 68, 73; 719 NW2d 890 (2006). "Courts must discern the parties' intent from the words used in the contract and must enforce an unambiguous contract according to its plain terms." *Id*.

We hold that the trial court correctly granted defendant's motion because the contracts contained no reference to asbestos.

Here, while plaintiffs allege that defendant "breached it's [sic] July 8, 2024 agreement with [plaintiffs] by failing to abate the asbestos properly, failing to contain the asbestos, and spreading the asbestos throughout the house," plaintiffs fail to cite any contract provision that defendant allegedly violated. The contract documents provide that defendant would sell plaintiffs vinyl flooring, remove the existing flooring, and install the new flooring in plaintiffs' home. The closest the contract comes is in a provision labeled "DUST–DEBRIS," indicating that defendant's "work

can create dust and debris throughout the job site," but that same provision states expressly that "[n]either, Seller nor its subcontractors shall be liable to Purchaser for any cleaning services or expenses incurred by Purchaser for any cleaning." It contains specific language stating that defendant and its contractors "will make efforts to minimize the dispersal of dust and debris," but, importantly, "cleaning of these areas is not covered in your contract."

The trial court came to the same conclusion, noting that plaintiffs did "not cite or reference any contractual provision that required Defendant to take any action regarding asbestos." And yet, on appeal, plaintiffs still do not attempt to do so and even concede that the documents are silent on the issue of asbestos.

Instead, plaintiffs argue that the trial court improperly relied on *Hart v Ludwig*, 347 Mich 559; 79 NW2d 895 (1956), and the economic loss doctrine to dismiss plaintiffs' contract claim. But plaintiffs misconstrue the trial court's decision: it relied on *Hart* to dismiss plaintiffs' tort claims, not their breach of contract claim.

Simply put, plaintiffs have not alleged that defendant breached any contractual duty related to asbestos because no such term exists in the contract documents. *Allen*, ___ Mich App at ___; slip op at 11. The trial court did not err in granting summary disposition in defendant's favor on this claim.

## IV. NEGLIGENCE CLAIM

Plaintiffs next challenge the trial court's dismissal of their negligence claim under the economic loss doctrine. We agree and reverse this portion of the trial court's order.

In general, economic losses resulting from commercial transactions are not recoverable in tort. See *Quest Diagnostics Inc v MCI WorldCom, Inc*, 254 Mich App 372, 376; 656 NW2d 858 (2002). This concept originated with *Hart*, 347 Mich at 560-566. It is known as the economic loss doctrine, and it is intended to maintain a distinction between damage remedies for breach of contract and for tort. *Neibarger v Universal Coops, Inc*, 439 Mich 512, 520-523; 486 NW2d 612 (1992). "The economic-loss doctrine is a judicially created doctrine that bars all tort remedies where the suit is between an aggrieved buyer and a nonperformance seller, the injury consists of damage to the goods themselves, and the only losses alleged are economic." *Sullivan Industries, Inc v Double Seal Glass Co, Inc*, 192 Mich App 333, 339; 480 NW2d 623 (1991).

Here, the trial court held that the economic loss doctrine barred plaintiffs' negligence claim because plaintiffs' breach of contract and negligence claims were "predicated on the same alleged wrongs." The trial court further reasoned that "Plaintiff's [sic] alleged damages arise from and are a result of an alleged breach of the contract," and that "[s]ince the relationship between the parties is governed by the contract between them, the economic loss doctrine bars Plaintiff [sic] from prevailing on its claim for negligence."

The trial court erred in this analysis. The trial court specifically held that the contract documents did *not* give rise to any duty related to asbestos. Thus, it cannot be true that plaintiffs' alleged damages "arise from" or are a "result of" a breach of contract.

Moreover, plaintiffs have alleged a violation of a legal duty separate and distinct from any contractual obligations. Defendant had a "duty to exercise reasonable care in how one acts to avoid physical harm to persons and tangible things." *Rinaldo's Constr Corp v Mich Bell Telephone Co*, 454 Mich 65, 84; 559 NW2d 647 (1997), quoting Prosser & Keeton, Torts (5th ed), ¶ 92, p 656. That is so because "[e]ntering into a contract with another pursuant to which one party promises to do something does not alter the fact that there was a preexisting obligation or duty to avoid harm when one acts." *Id*. See also *Loweke v Ann Arbor Ceiling & Partition Co, LLC*, 489 Mich 157, 170-171; 809 NW2d 553 (2011) (discussing *Rinaldo's Constr* and the distinction between contract and tort duties).

As explained by Prosser and Keeton,

> In most situations, where a party to a bargaining transaction renders a service or sells a product, there would have been no duty to render that service or sell a product except for the voluntary undertaking to do so. That being so, the contract or bargaining transaction normally defines the scope of the obligation that the service provider or the product supplier undertakes. There is a fundamental difference between doing something that causes physical harm and failing to do something that would have prevented harm or if one prefers a fundamental difference between lack of performance of something that would have prevented harm and defective performance that caused harm either from a dangerous force or a dangerous condition of something. [Prosser & Keeton, p 657.]

Plaintiffs here alleged that the "acts and omissions of [defendant] described in this complaint constitute a failure to exercise reasonable care." Such acts and omissions included allegations that defendant's agents discovered the presence of asbestos while removing flooring in plaintiffs' home, failed to contain the asbestos or test for further asbestos contamination, and acted to spread asbestos throughout the home. Once defendant identified potential asbestos while removing the flooring, it did not have a contractual obligation to perform testing or remediation, but it did have a legal duty to not make the condition of plaintiffs' home worse. Defendant allegedly breached that duty by continuing to work, resulting in asbestos spreading around the house. We do not know if that or anything else happened, but plaintiffs' allegations are sufficient to state a negligence claim.[1] We therefore reverse the portion of the trial court's order dismissing plaintiffs' negligence claim.

---

[1] There is conflicting caselaw on whether the economic loss doctrine bars tort claims where the contract is for services, rather than for the sale of goods. Compare *Quest Diagnostics, Inc*, 254 Mich App at 379-380 ("This Court has declined to apply the economic loss doctrine where the claim emanates from a contract for services.") (citation and footnote omitted) with *Rinaldo's Constr*, 454 Mich at 85 (applying the economic loss doctrine to a contract for services). Although the parties raised this distinction at the trial court, they do not on appeal and we need not resolve the issue here.

## V.  NUISANCE CLAIM

Plaintiffs also appeal the trial court's opinion and order granting summary disposition to defendant on their nuisance claim, but they failed to brief the issue.  "Insufficiently briefed issues are deemed abandoned on appeal." *Blackburn & Brown Mtg Co v Ziomek*, 264 Mich App 615, 619; 692 NW2d 388 (2004) (quotation marks and citation omitted).  As a result, we affirm the trial court's order on this issue.

## VI.  AMENDMENT OF PLAINTIFFS' COMPLAINT

"If a trial court grants summary disposition pursuant to MCR 2.116(C)(10), (C)(9), or (C)(1), the court must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Doyle v Hutzel Hosp*, 241 Mich App 206, 212; 615 NW2d 759 (2000), citing MCR 2.116(I)(5).  "An amendment would be futile if (1) ignoring the substantive merits of the claim, it is legally insufficient on its face; (2) it merely restates allegations already made; or (3) it adds a claim over which the court lacks jurisdiction." *PT Today, Inc v Comm'r of Office of Fin & Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006) (citations omitted).

Plaintiffs argue that the trial court abused its discretion when it decided it would have been futile to allow plaintiffs to file an amended complaint.  At the time, however, the trial court granted summary disposition in defendant's favor and dismissed plaintiffs' claims.  Given that we are reversing the trial court's dismissal of plaintiffs' negligence claim and remanding the case to the trial court, we leave it to plaintiffs to decide whether they still want to file an amended complaint (and seek permission to do so), and the trial court can consider whether to grant plaintiffs leave to amend their complaint.  "It would be imprudent for this Court to address the merits of the issue without first affording the trial court an opportunity to do so." *Stanke v State Farm Mut Auto Ins Co*, 200 Mich App 307, 325; 503 NW2d 758 (1993).

## VII.  CONCLUSION

For these reasons, we affirm the trial court's order granting summary disposition in defendant's favor regarding plaintiff's breach of contract and nuisance claims, we reverse the order with respect to plaintiffs' negligence claim, and we remand for further proceedings consistent with this opinion.  We do not retain jurisdiction.

/s/ Matthew S. Ackerman
/s/ Mariam S. Bazzi
/s/ Andrew J. Lievense